UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN TILSON,<br><br>        Plaintiff,<br><br>   vs.<br><br>J. LOPEZ,<br><br>        Defendant. | 1:14-cv-01849 LJO GSA PC<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>OBJECTIONS DUE IN TWENTY DAYS |

**I.    Screening Requirement**

Plaintiff is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

By order filed May 27, 2015, the Court issued an order dismissing the operative complaint for failure to state a claim and directing Plaintiff to file an amended complaint within thirty days. Plaintiff has not filed an amended complaint.

In the May 27, 2015, the Court informed Plaintiff of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted. Because Plaintiff has not filed an amended complaint, the Court dismisses the claims made in the original complaint with prejudice for failure to state a claim

upon which the Court could grant relief.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007)(recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possible be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)(pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

   Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted, and that this action count as a strike under 28 U.S.C. § 1915(g).

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  Within twenty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1394(9th Cir. 1991)).


IT IS SO ORDERED.

   Dated:   **July 6, 2015**                            **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE